## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KENDRA HALL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CASE NO. 5:06-CV-1208-SLB |
| | ) | |
| SIEMENS VDO AUTOMOTIVE | ) | |
| ELECTRONICS CORPORATION, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Amended Motion for Bill of Costs, Supplementing Doc. 116, (doc. 149);[1] Renewed Application for the Award of Attorney's Fees and Costs, (doc. 150); Second Amended Motion for Bill of Costs, Supplementing Docs. 116 and 149, (doc. 181); and Application for the Award of Attorney's Fees and Costs, (doc. 182). Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motions and Applications are due to be granted in part and denied in part.

## I. PROCEDURAL HISTORY

Plaintiff filed the instant action on June 21, 2006. (*See* doc. 1 at 1.) In her Complaint, plaintiff alleged: (1) discrimination in pay based on race and gender in violation of Title

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

VII, 42 U.S.C. § 2000e-2(a)(1);[2] (2) race discrimination in violation of 42 U.S.C. § 1981; (3) gender discrimination in pay in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); (4) retaliation in violation of Title VII; (5) outrage in violation of Alabama state law; and (6) negligent training/hiring/supervision/retention in violation of Alabama state law. (*See id*. at 6–12.)  Following discovery, defendant  moved to dismiss plaintiff's claims on summary judgment. (Doc. 27.)  The court granted defendant's Motion for Summary Judgment as to all claims except plaintiff's discriminatory pay claims.  (Doc. 61.)

The case was tried to a jury.  On December 15, 2008, the jury returned a verdict in favor of defendant on plaintiff's race discrimination claim and in favor of the plaintiff on her gender discrimination claims. (Doc. 108.)  The jury awarded plaintiff $10,000 in backpay on her Title VII gender discrimination claim and $24,000 in backpay on her EPA claim.  (*Id*. at 2, 3.)  The court added liquidated damages to the EPA award and pre-judgment interest on the Title VII award.  (Doc. 132.)  Also, the court awarded plaintiff attorney's fees and costs. (Doc. 131.) Defendant filed Motions for Judgment as a Matter of Law, which the court denied.  (*See* docs. 103, 131, 135, 144.)

Thereafter, both parties appealed.  (Docs. 145, 147.)  The Eleventh Circuit affirmed the judgment of this court and awarded plaintiff fees and costs.  (Docs. 179, 186.)

---

[2]Plaintiff's Complaint only mentioned discrimination based on pay, but her Brief in Opposition to Defendant's Motion for Summary Judgment, (doc. 38), alleged discrimination based on disparate discipline and failure to promote.  (Doc. 1 at 6-7; doc. 38 at 48-55.)

## II.  BILL OF COSTS

Rule 54(d)(1), Fed. R. Civ. P., states in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party . . . ."  Section 1920 specifies the categories of costs that are taxable under Rule 54(d)(1):

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Of plaintiff's requested costs of $30,049.31 in her Amended Motion for Bill of Costs, Supplementing Doc. 116, (doc. 149), the court will award plaintiff statutory costs of $17,026.44.  Also, the court will award plaintiff statutory costs of $554.81 of the $2,899.90 in costs requested in her Second Amended Motion for Bill of Costs, (doc. 181).

The court has reduced the amounts claimed for photocopies, (doc. 149 at 3; doc. 181 at 3), by half.  "Photocopying is considered a taxable cost pursuant to 28 U.S.C. § 1920(4).

3

To be taxable costs, the copies must be necessarily obtained for use in the case.  Copies made for the convenience of counsel are ordinarily not taxable costs."  *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)(citing *Roberts v. Charter National Life Insurance Company*, 112 F.R.D. 411, 414 (S.D.Fla.1986)).

> In identifying for the court the photocopying costs that are taxable under section 1920, the plaintiff may include charges attributable to discovery, if the charges were for copies of pleadings, correspondence, and other documents tendered to the defendants.  Counsel may also include copies of exhibits and documents prepared for the court's consideration of its motion for summary judgment [and] copies of pleadings, motions, and memoranda, which were provided to this court, but may not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.  The deceptively simple statement [–] that the expense of all copying which is necessary in order to prepare the case for trial is recoverable [–] should not mislead counsel.  This court will only allow photocopying charges that were necessary for discovery and for trial presentation and will not allow photocopying charges for the convenience, preparation, research, or records of counsel.

*Fressell v. AT & T Technologies, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984).

Plaintiff has failed to show that the photocopies were "necessarily obtained for use in the case," and not for the convenience, preparation, research, or records of counsel.  Nevertheless, the court assumes at least some of the copies were "necessarily obtained," and it considers one half a reasonable estimate of the number of copies necessary for use in the case.  Therefore, plaintiff's claim for  statutory costs for exemplification and copies, in her Amended Motion for Bill of Costs, (doc. 149 at 3), is reduced by $1070.20, and her claim for copying, in her Second Amended Motion for Bill of Costs, (doc. 181 at 3), is reduced by $392.81.

Defendant contends that the court should disallow the cost of Ben Parkerson's deposition because Parkerson did not testify and plaintiff did not use his deposition transcript at trial.  (Doc. 162 at 4.)  The court notes that plaintiff relied on Parkerson's deposition transcript in responding to defendant's Motion for Summary Judgment and that defendant listed Parkerson on its witness list.[3]  (*See generally* doc. 38, *see also* doc. 66 at 2 and n.1.)  Under the circumstances, the cost of Parkerson's deposition is properly taxed against defendant.  *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)("We have upheld the taxation of a deposition where the losing party listed the deponent on its witness list.  Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery."  (citing *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985); citing and quoting *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 717, 718 (N.D. Ill. 1982)))(internal quotations and citations omitted).  The court overrules defendant's objection to the taxation of the cost of Parkerson's deposition.

---

[3]The court notes that defendant relied upon Parkerson's deposition to support its Motion for Summary Judgment, (*see generally* doc. 27), and it listed Parkerson on its witness list as a witness that it would call if the court allowed evidence of the Performance Improvement Plan ["PIP"], (doc. 66 at 2 and n.1).  This court allowed evidence of the PIP, (*see* doc. 143 at 8), but defendant did not call Parkerson as a witness.

Defendant objects to the mileage claimed for witness John Lally's trial attendance. Specifically, defendant contends that the court should limit Lally's mileage to 100 miles. (Doc. 162 at 2.)  Also, it contends the court should discount Lally's travel expenses because "he stopped in Alabama to testify on his way [from St. Louis, Missouri] to a convention in Orlando, Florida."  (*Id*. at 2-3.)  Finally, it urges the court to disallow Lally's mileage because plaintiff did not produce a receipt, (*id*. at 3); however, it has not challenged the accuracy of the reported mileage between St. Louis and Decatur.  The court finds that the number of miles claimed by Lally from St. Louis to Decatur accurately reflects the actual distance traveled.

With regard to limiting a witness's travel to 100 miles, the former Fifth Circuit held:

> The power of the trial judge to tax witness costs is conferred by 28 U.S.C. § 1920(3); however, the amount of mileage and witness fees that may be charged is governed by 28 U.S.C. § 1821.  Historically, courts have held that the power to tax costs for travel expenses was limited to the area in which the court could issue subpoenas.  In *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964), the Supreme Court rejected strict application of that rule and recognized the discretion of the trial court to determine the amount of mileage costs allowed.  Subsequent cases have limited taxation of witness travel costs to 100 miles absent special circumstances.  The relevance and necessity of the witnesses' testimony, and the existence of court approval before the incurrence of travel expenses, are to be considered in determining whether special circumstances are present.

*Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 734 (5th Cir. 1979)(internal citations, except *Farmer*, omitted);[4] *see also Fressell*, 103 F.R.D. at 116 ("It is within the

---

[4]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661

discretion of a trial court to include in taxable costs the travel expenses of witnesses who come from outside the 100 mile range of subpoena power as established by Rule 45(e);" allowing the actual expense of airline travel for witness whose "testimony was significant for trial." (citing *Dasher v. Mutual Life Insurance Company of New York*, 78 F.R.D. 142, 144 (S.D. Ga.1978)).

In this case, Lally was an important witness for plaintiff.  His testimony, that defendant tried to drum up customer complaints about plaintiff after she complained about her pay, tended to make the fact that defendant intentionally paid plaintiff less than her male coworkers more likely than not.  Also, his testimony tended to rebut other witnesses' testimony that defendant intended to eventually make plaintiff's pay equal to her male coworkers.  A jury could reasonably infer that defendant sought to keep plaintiff's pay low by keeping her on a Performance Improvement Plan.  The court finds that Lally was a relevant and necessary witness for plaintiff.

The court has considered the fact that plaintiff did not get court approval for Lally's travel before the expenses were incurred.  However, under the circumstances, such approval would have been given.  Therefore, the court finds no reason to disallow the costs of Lally's travel based on a lack of preapproval.

Also, the court rejects defendant's reasoning that the court should disallow Lally's travel expenses because he was going to Orlando anyway and because he did not have a

_____

F.2d 1206, 1209 (11th Cir.1981) (en banc).

receipt.  Section 1821(c)(1) requires "[a] receipt or other evidence of actual cost" when the witness "travels by common carrier."  28 U.S.C. § 1821(c)(1).  However, a "witness who travels by privately owned vehicle," like Lally in this case, is paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government."  *Id*. (c)(2).  There is no statutory requirement of a receipt for a mileage reimbursement for use of a private vehicle.  *Id*.

On December 8, 2008, the date Lally appeared for trial, the mileage allowance was $.585 per mile; the rate decreased to $.55 per mile on January 1, 2009.  Nevertheless, plaintiff paid Lally only $.55 per mile for 875.22 miles round trip from St. Louis to Decatur. The court approves this cost and overrules defendant's objections.

Plaintiff's claims for office supplies, trial exhibit boards, and other costs, except the cost of the private process server,[5] (2,927.49), are disallowed as statutory costs; however, the court will consider these cost items as expenses under her claim for attorneys' fee. (*See* doc. 149 at 3, 4-7; doc. 181 at 2-3.)[6]

---

[5]The Eleventh Circuit has held "that private process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921," when such fees "do not exceed the statutory fees authorized in § 1921."  *W&O, Inc.*, 213 F.3d at 624.

[6]*See* 42 U.S.C. § 2000e-5(k)("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . .");  *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994)("[E]xpenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in hourly billing rates-expenses for such things as postage, long distance phone

Therefore, the court finds that plaintiff is entitled to an award of statutory costs in the amount of $17,581.25.

### III. ATTORNEY'S FEES AND EXPENSES

### A. ATTORNEY'S FEES

This court and the Eleventh Circuit Court of Appeals have held that plaintiff is entitled to reasonable attorney's fees and costs.[7] (Doc. 131; doc. 186.) In a case involving attorney's fees claimed by counsel for plaintiff, this court set forth the standard for determining reasonable attorney's fees:

> "In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'" *Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988)). The lodestar is a presumptively reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The burden of documenting appropriate hours and hourly rates falls on the fee claimant. *American Civil Liberties Union of*

---

calls, xeroxing, travel, paralegals and expert witnesses-are part of the reasonable attorney's fee allowed by the Civil Rights Attorney Fees Awards Act.")(internal quotations and citations omitted); *Mennor v. Fort Hood Nat. Bank*, 829 F.2d 553, 557 (5th Cir. 1987)("On the other hand, section 2000e-5(k) has been interpreted to include the power to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." (citing, *inter alia*, *United States v. Terminal Transp.*, 653 F.2d 1016, 1021 (5th Cir. Unit B 1981)))(internal quotations omitted).

[7]Attorney's fees and costs are authorized under 29 U.S.C. § 216(b) for plaintiff's EPA claim and under 42 U.S.C. § 2000e-5(k) for her Title VII claim.

*Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Norman*, 836 F.2d at 1303.

However, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Neptune Designs*, 469 F.3d at 1359 (citing *Hensley*, 461 U.S. at 435-36). When a plaintiff achieves only partial or limited success, the usual method of multiplying the number of hours expended by a reasonable hourly rate may produce an excessive figure. *Farrar v. Hobb*, 506 U.S. 103, 114-15, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)(citing *Hewitt v. Helms*, 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987); *Hensley*, 461 U.S. at 436).

Courts also may consider many different factors in assessing the amount of attorneys' fees, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Evans v. Books-A-Million*, Civil Action No. CV-07-S-2172-S, 2012 WL 5379351, *12-*13 (N.D. Ala. Oct. 29, 2012)(Smith, J.). The Supreme Court in *Hensley* noted that the standards set forth therein "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley,* 461 U.S. at 433 n.7.

### 1. Reasonable Hourly Rate

In her Renewed Application for Attorney Fees, filed October 29, 2010, plaintiff seeks an hourly rate of $400 for her counsel, Alicia Haynes, and an hourly rate of $105 for Haynes's paralegals. (Doc. 150-1 ¶¶ 9, 17.) In her Application for the Award of Attorney

Fees and Costs, filed September 21, 2012, plaintiff seeks $440 per hour for work performed by Haynes, $400 per hour for work performed by attorney Charles Guerrier, $150 per hour for work performed by Haynes's paralegal, Jenny Connell Smith, and $100 per hour for Haynes's other paralegals.  (Doc. 182-1 ¶¶ 5, 12, 13; doc. 182-12 at 9, 14, 18, 21.)

### a.  Alicia Haynes

The court finds that the reasonable hourly rate for Haynes is $400 per hour for the hours claimed through October 29, 2010; and $440 per hour for hours claimed thereafter. [8] *See Evans*, 2012 WL 5379351 at *13 (Smith, J.)(awarding Haynes $440 per hour); *Marks v. U.S. Security Assocs.*, Case No. 2:08-CV-0459-KOB, doc. 326 at 2-6 (N.D. Ala. Sept. 28, 2010)(Bowdre, J.)(awarding Haynes $400 per hour).  The court declines plaintiff's request that the hourly rate of $440 apply to all hours claimed by Haynes.

### b.  Charles Guerrier

Defendant does not object to awarding Guerrier $400 per hour.  (*See generally* doc. 189.)  Based on the evidence submitted by plaintiff, the court finds that $400 per hour is a reasonable rate for Guerrier.  *See Evans*, 2012 WL 5379351 at *14 (finding $400 per hour to be a reasonable rate for Guerrier).

---

[8]The court notes that there has been an exceptional delay in the payment of fees, but the delay is not due to any actions by the defendant or its counsel.

### c.  Paralegals

In her Renewed Application, plaintiff claims a reasonable rate for all work performed by paralegals is $105 per hour.  (Doc. 150-1 ¶ 17.)  In her latest application, she asks for a rate of $150 per hour for all work performed by Jenny Connell Smith.[9]  (Doc. 182-1 ¶ 13.)  As with the rates claimed by Haynes, the court will limit plaintiff's claim for paralegal work performed by Jenny Connell Smith, as set forth in her Renewed Application, (doc. 150), to the rate of $105 per hour claimed in that pleading.  However, for hours claimed in plaintiff's Application for the Award of Attorney's Fees and Costs, (doc. 182), the court will award plaintiff an hourly rate of $150 per hour for the hours worked by Jenny Connell Smith.  *See Evans*, 2012 WL 5379351 at *14 (finding $150 an hour to be a reasonable rate for work performed by Jenny Connell Smith).

The reasonable hourly rate for all other paralegals is $105 per hour for hours claimed in plaintiff's Renewed Application, (doc. 150), and $100 per hours for hours claimed in plaintiff's Application, (doc. 182).

### 2.  Reasonable Hours

### a.  Alicia Haynes

The court finds some of the hours claimed by counsel, Alicia Haynes, are unreasonable – either because the court finds the time claimed to be excessive, the time

---

[9]Plaintiff has submitted the fee petition she filed with the Eleventh Circuit.  For all paralegals, other than Smith, plaintiff requests a fee of $100 per hour.  (*See* doc. 182-12 at 9, 14, 18, and 21.)

claimed was spent on unsuccessful and distinct claims, the time claimed was spent on plaintiff's unsuccessful cross-appeal; and/or the time is duplicative.  *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).[10]

Referring to the entries on Haynes's Time and Expense Reports attached to her Applications, the court has reduced the hours claimed as follows:

| June 16, 2006 to June 21, 2006 | Drafting the Complaint | Application: 6.5 Hours | Allowed: 2.0 Hours |
| July 17, 2006 | Reviewing Answer and dictation to paralegal to find opposition to pro hac vice motions | Application: 1.3 Hours | Allowed: .5 Hour |

---

[10]The Eleventh Circuit held:

Fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983).  That means they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]," *id.*, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Norman* [*v. Housing Authority of Montgomery*], 836 F.2d [1292,] 1301 [(11th Cir. 1988)](emphasis in original).  . . .

If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary." Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

*Barnes*, 168 F.3d at 428.  The court notes that plaintiff's counsel, Alicia Haynes, testified that she has winnowed the hours claimed by herself and her associate and paralegals.  (Doc. 150-1 ¶ 11; doc. 182-1 ¶ 11.)  Nevertheless, the court finds some further reductions are warranted.

| | | | |
|---|---|---|---|
| Oct. 4, 2006 | Scheduling Conference | Application: 1 Hour | Allowed: .5 Hour |
| March 17, 2007 | Red-lined Time | Application: .2 Hours | Allowed: 0.0 Hours |
| May 29, 2007 | Red-lined Time | Application: .5 Hours | Allowed: 0.0 Hours |
| June 19, 2007 to July 24, 2007 | Summary Judgment Briefing | Application: 120.1 Hours | Allowed: 58.4 Hours |
| Aug. 26, 2007 to Aug. 28, 2007 | Preparing for Summary Judgment Hearing; Summary Judgment Hearing; Review Summary Judgment Opinion and Order | Application: 20.95 Hours | Allowed: 10.00 Hours |
| April 10, 2008 | Drafting Motion for Extension of Time | Application: .5 Hour | Allowed: 0.0 Hours |
| October 24, 2007 | Red-lined Time | Application: .7 Hours | Allowed: 0.0 Hours |
| December 3, 2007 | Red-lined Time | Application: .5 Hours | Allowed: 0.0 Hours |
| May 20, 2008 | Email to and from client and witness regarding trial preparation; work on draft of proposed pretrial order; review motion for more time to file privilege log | Application: 1.6 Hours | Allowed: 1.0 Hour |
| May 22, 2008 to May 23, 2008, and May 29, 2008 | Work on proposed Pretrial Order and attend pretrial conference | Application: 11.2 Hours | Allowed: 5.05 Hours |
| June 30, 2008 | Red-lined Time | Application: 1 Hour | Allowed: 0.0 Hours |
| July 16, 2008 | Witness and Exhibit List | Application: 4.5 Hours | Allowed: 2.5 Hours |

14

| | | | | |
|---|---|---|---|---|
| July 19, 2008 | Red-lined Time | Application: .1 Hours | Allowed: 0.0 Hours | |
| July 23, 2008 to July 24, 2008 | Motion to Continue Trial | Application 1.5 Hours | Allowed: 0.0 Hours | |
| July 28, 2008 | Red-lined Time | Application: .2 Hours | Allowed: 0.0 Hours | |
| August 1, 2008 | Red-lined Time | Application: .5 Hours | Allowed: 0.0 Hours | |
| Nov. 5, 2008 | Objections to defendant's witness and exhibit list | Application: 7.6 Hours | Allowed: 5.7 Hours | |
| Nov. 5, 2008 to Nov. 18, 2008 | Motions in Limine and Trial Preparation | Application: 95.3 Hours | Allowed: 50.6 Hours | |
| SUBTOTAL: | DEDUCTIONS FROM RENEWED APPLICATION: | 275.75 | 136.25 | 139.5 |
| Oct. 19, 2010 to Oct. 28, 2010 | Duplicated Time (*Compare* doc. 182-11 at 24 *with* doc. 150-2 at 38) | Application: 21.5 Hours | Allowed: 0.0 Hours | |
| May 24, 2011, May 25 to June 1 | Red-lined Time | Application: 44.9 Hours | Allowed: 0.0 Hours | |
| May 25, 2011 | Work on Reply Brief on Cross Appeal | Application: 6.9 Hours | Allowed: 0.0 Hours | |
| Jan. 22, 2012 to Jan. 25, 2012 | Prepare for Oral Argument and Oral Argument at 11th Cir. | Application: 54.5 Hours | Allowed: 40.9 Hours | |
| SUBTOTAL: | DEDUCTIONS FROM APPLICATION: | 127.8 | 24.9 | 102.9 |
| TOTAL: | DEDUCTIONS | 403.55 | 161.15 | 242.40 |

The difference of 173.35 hours will be deducted from the total number of hours claims by plaintiff for Haynes – 86.45 from the total claimed in plaintiff's Renewed Application for Attorney Fee, (doc. 150), and 86.9 from the total claimed in her Application, (doc. 182).

Defendant contends that plaintiff's counsel has claimed "virtually every hour she and her firm spent on this matter." (Doc. 161 at 3.) Plaintiff's counsel testified:

> I have made a line item review of all time entries . . . to assure there was no duplication of effort, that time entries for other clients were not included in this petition and that the time entries represented work on the claims we were successful in litigating. Further I have either deleted or red-lined and then subtracted the time for those issues that were not pertinent in advancing the end result.

(Doc. 150-1 ¶ 11; *see also* doc. 182-1 ¶ 11.) Despite counsel's statement to this effect, the submitted records were not maintained in a manner that would enable the court to identify distinct claims. Nevertheless, because of the interrelated nature of the claims, the court will accept counsel's statement for purposes of deciding the fee petition.

The court will grant, in part, plaintiff's Renewed Application, (doc. 150), and allow Haynes an attorney's fee of $343,280 – 858.2 hours times $400 per hour. The court will grant, in part, plaintiff's Application, (doc. 182), and allow Haynes an attorney's fee of $125,048 – 284.2 hours times $440 per hour. The lodestar result for the work performed by Haynes is $468,328.

16

### b. Charles Guerrier

Defendant does not object to the amount of hours claimed by Charles Guerrier. (*See generally* doc. 189.) The court has reviewed Guerrier's time entries and finds that they are reasonable. Therefore, the lodestar result for the work performed by Guerrier is $9,620 – 24.05 hours times $400 per hour. The court will grant plaintiff's Application for an attorney's fee for Guerrier, (doc. 182), in the amount of $9,620.

### c. Paralegals

### i. Jenny Connell Smith

The court finds the some of the hours claimed by paralegal Jenny Connell Smith are unreasonable – either because the court finds the time claimed to be excessive, the time claimed was spent on unsuccessful and distinct claims, the time claimed was spent on plaintiff's unsuccessful cross-appeal, and/or the time claimed was spent on clerical duties.[11]

Particularly, the court has disallowed, in whole or in part, time entries containing work of copying, organizing documents, filing documents, and calling the courts. Between February 22, 2006 and March 18, 2009, Smith's Time and Expense Report indicates she worked 439.75 hours on this case. (Doc. 150-3 at 40.) Some of these entries are red-lined and have not been included in the time allowed. (*See* doc. 150-7 at 2 [noting 26.15 hours

---

[11]"In the context of a Title VII case, [the Eleventh Circuit has] held that paralegal time is recoverable as 'part of a prevailing party's award for attorney's fees and expenses, [but] only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (quoting *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B Jan. 1982)).

17

red-lined].)  Of the remaining 413.6 hours, spanning August 29, 2007 through March 18, 2010, the court allows 315.9 hours at $105 per hour.  Smith's Time and Expense Report indicates she worked on this case for 42.05 hours from September 1, 2011, through July 3, 2012, (doc. 182-12 at 5-7), and 21.6 hours from July 26, 2012, through September 21, 2012, (doc. 182-3 at 1-2).  Of this 63.65 hours, the court allows 43.75 hours at $150 per hour.

Also, the court has disallowed the time entry for .5 hours on August 29, 2007, which states "[r]esearch case of Law v. Bob Sykes BBQ and pull information for [Haynes's] review pertaining to outrage claim," (doc. 150-3 at 21), as plaintiff's outrage claim was dismissed at the summary judgment stage.

Therefore, the court allows 315.9 hours at $105 per hour, $33,169.50, and 43.75 hours at $150 per hour, $6,562.50, for Jenny Connell Smith, for a total award of $39,732.00.

### ii.  Robin Brantley

The court finds some of the hours claimed by paralegal Robin Brantley are unreasonable – either because the court finds the time claimed to be excessive and/or the time claimed was spent on clerical duties.  Particularly, the court has disallowed, in whole or in part, time entries containing work of copying, organizing documents, filing documents, and calling the courts.

Between May 28, 2008, and October 28, 2010, Brantley's Time and Expense Report indicates she worked 34.58 hours on the instant action.  (Doc. 150-3 at 41-44.)  Between October 22, 2010, and June 1, 2011, her Time and Expense Report indicates she worked

33.85 hours.[12] (Doc. 182-12 at 10-12.) Some of these entries are red-lined and have not been included in the time allowed. (*See* doc. 150-7 at 2 [noting 30.48 hours red-lined]; doc. 182-12 at 12 [noting 5.1 hours red-lined].) Of the remaining 32.95 hours, the court allows 3.6 hours at $105 per hour, $378, and 13.35 hours at $100 per hour, $1,335, for a total award of $1,713.

### iii. Debra Carlisle

The court finds a portion of the hours claimed by paralegal Debra Carlisle are unreasonable because the time claimed was spent on clerical duties. Particularly, the court has disallowed, in whole or in part, time entries containing work of copying, organizing documents, filing documents, and telephoning plaintiff with a message. Between November 10, 2010 and December 7, 2010, Carlisle's Time and Expense Report indicates she worked 3.62 hours on the instant action. (Doc. 182-12 at 15.) The court disallows .57 hours. The court allows 3.05 hours at $100 per hour for a total award of $305.

### iv. Bernadette Cannon

The court finds a portion of the hours claimed by paralegal Bernadette C. are unreasonable because the time claimed was spent on clerical duties. Particularly, the court has disallowed time entries containing work of revising documents and filing documents. Between January 19, 2011, and February 3, 2011, Bernadette C.'s Time and Expense Report

---

[12]Although the dates overlap, the time entries are not duplicative. (*Compare* doc. 150-3 at 44 *with* doc. 182-12 at 10.)

indicates she worked 8.4 hours on the instant action.  (Doc. 182-12 at 19.)  The court

disallows 2.8 hours; the court allows 5.6 hours at $100 per hour for a total award of $560.

### v.  Mary Jane Dasher

The court finds the hours claimed by paralegal Mary Jane Dasher are unreasonable

because the time claimed was spent on clerical duties.  Between September 9, 2009, and

October 20, 2009, Dasher's Time and Expense Report indicates she worked .9 hours on the

instant action.  (Doc. 150-3 at 45.)  Of these entries, .6 hours are red-lined and have not been

included in the time allowed.  (*See id*.)  The court disallows the remaining .3 hours, during

which indicates Dasher typed a dictated motion, checked Pacer, and sent a note to Haynes's

associate.  (*Id*.)

### vi.  Chorlette Davis

The court finds a portion of the hours claimed by paralegal Chorlette Davis are

unreasonable because the time claimed was spent on clerical duties.  Particularly, the court

has disallowed time entries containing work of scanning and filing documents, downloading

documents, and organizing documents.  Between December 18, 2009, and January 18, 2010,

Davis worked 1.35 hours on the instant action.  (Doc. 150-3 at 46.)  Of this total, the court

disallows 1.25 hours.  The court allows .10 hours at $105 per hour for a total lodestar award

of $10.50.

### vii.  Elizabeth Gilliland

The court finds a portion of the hours claimed by paralegal Elizabeth Gilliland are unreasonable because the time claimed was spent on clerical duties.  Particularly, the court has disallowed, in part, the entry indicating Gilliland e-filed plaintiff's appellee brief. Between March 21, 2011, and June 1, 2011, Gilliland's Time and Expense Report indicates she worked 17.3 hours on the instant action.  (Doc. 182-12 at 22-23.)  Some of these entries are red-lined and have not been included in the time allowed.  (*See* doc. 182-12 at 22 [noting 8.3 hours red-lined].)  Of the remaining 9 hours; the court disallows .5 hours to account for the time spent e-filing.  The court allows 8.5 hours at $100 per hour for a total lodestar of $850 for Gilliand's time.

### viii.  Sarah Powell

The court finds a portion of the hours claimed by paralegal Sarah Powell are unreasonable because the time claimed was spent on clerical duties.  Particularly, the court has disallowed, in whole or in part, time entries containing correspondence, calendaring, and data entry.  Between May 2, 2007, and February 26, 2008, Powell's Time and Expense Report indicates she worked 97.15 hours on the instant action.  (Doc. 182-12 at 15.)  Some of these entries are red-lined and have not been included in the time allowed.  (*See* doc. 150-3 at 47-50 [indicating 55.35 hours red-lined].)[13]  Of the remaining 41.8 hours, the court

---

[13]On plaintiff's Summary Exhibit of Attorney Time and Rates, she shows 41.80 hours red-lined and 55.35 hours billed by Powell.  (Doc. 150-7 at 2.)  The court has discovered that these numbers were transposed.

disallows .45 hours.  Therefore, the court allows 41.35 hours at $105 per hour for a total award of $4,341.75.

### 3.  Further Adjustments

Defendant challenges plaintiff's fee request on the ground that it should be reduced based on her limited success.  (*See generally* doc. 161 and doc. 189.)  Specifically, it describes plaintiff's judgment as "very small and . . . certainly disappointing to both Plaintiff and her counsel."  (Doc. 161 at 11-12.)  The jury awarded plaintiff $10,000 in back pay for her gender discrimination claim under Title VII and $24,000 in back pay for her Equal Pay Act Claim which the court liquidated under the statutes.  The Judgment also awarded prejudgment interest.  (Doc. 132.)  Plaintiff had requested compensatory damages for pain and suffering and punitive damages, but the jury did not award these damages.  (Doc. 108 at 2.)  Nevertheless, the court finds that plaintiff achieved substantial success on her claims.

"After calculating the lodestar, the Court may apply an across the board reduction to the lodestar where 'the plaintiff achieved only partial or limited success,' even if the plaintiff's claims are 'interrelated, non-frivolous, and raised in good faith.'"  *Rodriguez v. Super Shine and Detailing, Inc.*, No. 09-23051-CIV, 2012 WL 2119865, *7 (S.D. Fla. June 11, 2012)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).  However, the Supreme Court has "reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers."  *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986).  The same principal has been applied to

attorney fees under Title VII and the FLSA.  *See Cullens v. Georgia Dept. of Transp.*, 29

F.3d 1489, 1492-94 (11th Cir. 1994)(citing and quoting *Rivera*, 477 U.S. at 574-75, 578, 581

and *Evans v. Jeff D.*, 475 U.S. 717, 736 and n.26 (1986)); *Lee v. Krystal Co.*, Civil Action

No. 11-0627-WS-C, 2013 WL 160452, *8 (S.D. Ala. Jan. 15, 2013)(quoting *Cullen*, 29 F.3d

at 1493).  In *Rodriguez*, the district court for the Southern District of Florida held:

> While reduced fee awards are proper in many cases, "[f]ee awards should not simply be proportionate to the results obtained," especially in FLSA cases, as fee awards in FLSA cases are often greater than the amount recovered by the plaintiff.  *See James v. Wash Depot Holdings*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007).  This is to ensure "that individuals with small claims can obtain representation necessary to enforce their rights."  *Brandt* [*v. Magnificent Quality Florals Corp.*, No. 07-20129], 2011 WL 4625379 at *12 [(S.D. Fla. Sept. 30, 2011)].

*Rodriguez*, 2012 WL 2119865 at *7.  This consideration applies equally to plaintiff's Title

VII claims.

Also, when the attorney, through responsible billing, and the district court on review

have "eliminated from the award any compensation for hours spent on the prosecution of

[unsuccessful] claim[s], it would be illogical to reduce further the award to reflect the lack

of success of [those] claim[s]."  *See Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d

4, 8 (1st Cir. 1993).  "[T]he courts have stated that the extent of a plaintiff's success is a

crucial factor in determining the proper amount of an award of attorney's fees.  But . . . we

think these statements must be understood as referring to the degree of overall success where

unsuccessful claims are included in the calculation of the number of hours for which

compensation is allowed."  *Id*. at 8-9 (quoting *Hensley*, 461 U.S. at 440)(internal citations

and quotations omitted).   In cases such as this one, where counsel and the court have substantially reduced the hours so as to only include the time reasonably spent on the successful claim, a further across-the-board reduction is not warranted.

From the beginning, this case was about plaintiff's claim of discriminatory pay.   Her retaliation claim and her state-law claims grew out of alleged wrongful conduct allegedly taken in response to her complaints about discriminatory pay.   Although defendant offered evidence that the disparity in pay was not its responsibility and that it was striving to make plaintiff's pay equitable under the constraints of its pay system, these justification for plaintiff's pay disparity were rejected by the jury.   In the end, the jury awarded plaintiff $34,000 in back pay; in her closing argument she had requested back pay in the amount between $33,684.63 and $64,279.40.

Although not relevant to the decision on plaintiff's requested fees and costs, the court also notes that at points during this litigation defendant could have settled this case for not much more than plaintiff's claimed back pay.   The substantial amount of the attorney's fees is merely a function of the adversary nature of the proceedings and the time from the date the Complaint was filed, June 21, 2006, to the date the Eleventh Circuit issued its order awarding plaintiff attorney fees and costs, October 4, 2012.   The court notes that defendant was represented throughout the litigation by two experienced lawyers.   If defendant was billed by its counsel in an amount significantly less than the amount requested by plaintiff's counsel, that matter should have been brought to the court's attention having some bearing

on the reasonableness of the fees requested by plaintiff's counsel.  Counsel for plaintiff and for the defendant vigorously represented their respective clients.  To be sure, defendant has steadfastly asserted that it is not responsible and that it should not be liable for any pay disparity.  However, in the end, its protestations were for naught.  In addition to plaintiff's backpay, the price under the law of defendant's refusal to pay plaintiff an equitable salary, (a decision reached by the jury), is plaintiff's fees and costs necessarily and reasonably expended to prove she was a victim of discrimination.

The court notes that "fee awards based on market rates" are not "viewed as . . . 'windfall profits'" to attorneys in discrimination cases, even if the calculation of the lodestar figure results in a large attorney fee award.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).

> A strong presumption that the lodestar figure – the product of reasonable hours times a reasonable rate – represents a "reasonable" fee is wholly consistent with the rationale behind the usual fee-shifting statute, including the one in the present case.  These statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.  Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws.  Hence, if plaintiffs, such as [Kendra Hall], find it possible to engage a lawyer based on the statutory assurance that [she] will be paid a "reasonable fee," the purpose behind the fee-shifting statute has been satisfied.

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-65 (1986).

Given the success of the plaintiff on her central claim of pay discrimination, and this court's review of the actual hours billed, the court finds no further adjustment to the lodestar

amounts is warranted.  The court, considering the results obtained as well as the other *Johnson* factors, finds the lodestar amounts, set forth above, represent reasonable attorneys' fees for this case.

## B.  EXPENSES (COSTS NOT TAXABLE UNDER 28 U.S.C. § 1920)

Plaintiff has included certain expenses in her Amended Motion for Bill of Costs, (doc. 149), and her Second Amended Motion for Bill of Costs, (doc. 181), that are not taxable pursuant to 28 U.S.C. § 1920.  However, some of these items may be included in the attorneys' fees award under 42 U.S.C. § 2000e-5(k).  "With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988."  *Johnson v. University College of University of Alabama in Birmingham*, 706 F.2d 1205, 1209-10 (11th Cir. 1983)(internal quotations and citation omitted); *see also Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983)(noting out-of-pocket expenses under § 1988 and Title VII are more liberal than § 1920 costs (citing, *inter alia*, *Payne v. Traveenol Labortories*, 74 F.R.D. 19, 21-23 (N.D. Miss. 1976)).  "The Eleventh Circuit and district courts in this Circuit uniformly have allowed recovery of such expenses as photocopying, postage, long distance phone calls, necessary travel, and on-line research."  *Yule v. Jones*, 766 F. Supp. 2d 1333, 1344 (N.D. Ga. 2010)(citing *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Dowdell*, 698 F.2d at 1192; *Mallory v. Harkness*, 923 F. Supp. 1546, 1557 (S.D. Fla. 1996);

*Cherry v. Rockdale County*, 601 F. Supp. 78, 81 (N.D. Ga. 1984)); *see also Trotter v. Columbia Sussex Corp.*, No. CIV. A. 08-0412-WS-M, 2010 WL 383622, *10-*12 (S.D. Ala. Jan. 29, 2010); *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F. Supp. 2d 1301, 1328 (M.D. Fla. 2003).

Therefore, the court disallows $91.45 for the purchase of office supplies from Office Depot, (doc. 149 at 3), and $187.27 for PACER services, (doc. 149 at 5, 6; doc. 181 at 2.) The court considers these expenses to be overhead expenses.  The court allows the remaining expenses of $13,626.23.  (*See* doc. 149 at 3, 5-7; doc. 181 at 2-3.).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff is entitled to an award of attorneys' fees and expenses in the amount of  $539,086.48 – (1) attorney's fees for Alicia Haynes in the amount of $468,328.00; (2) attorney's fees for Charles Guerrier in the amount of $9,620; (3) paralegal's fees for Jenny Connell Smith in the amount of $39,732.00; (4) paralegal's fees for Robin Brantley in the amount of $1,713; (5) paralegal's fees for Debra Carlisle in the amount of $305; (6) paralegal's fees for Bernadette Cannon in the amount of $560; (7) paralegal's fees for Chorlette Davis in the amount of $10.50; (8) paralegal's fees for Elizabeth Gilliland in the amount of $850; (9) paralegal's fees for Sarah Powell in the amount of $4,341.75; and (10) expenses in the amount of $13,626.23 –  and statutory costs of $17,581.25.  An Order granting in part and denying in part plaintiff's Amended Motion for Bill of Costs, Supplementing Doc. 116, (doc. 149); Renewed

Application for the Award of Attorney's Fees and Costs, (doc. 150); Second Amended

Motion for Bill of Costs, Supplementing Docs. 116 and 149, (doc. 181); and Application for

the Award of Attorney's Fees and Costs, (doc. 182), and awarding plaintiff $556,667.73.

**DONE**, this 31st day of March, 2014.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE